**Joseph W. FINFROCK, Petitioner–Appellant,**

v.

**Charlie CRIST, Robert A. Butterworth, Timothy Budz, Bill McCollum, Attorney General, Respondents–Appellees.**

**No. 09–10774**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 2010.

Marcella Lape, Chicago, IL, for Petitioner–Appellant.

Douglas T. Squire, Office of the Attorney General, Daytona Beach, FL, for Respondents–Appellees.

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph W. Finfrock, through counsel, appeals the dismissal of his *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus aimed at his ongoing Florida civil commitment proceedings.[1] We granted a

---

1. Finfrock filed his petition under 28 U.S.C. § 2254. The magistrate judge however characterized it as a 28 U.S.C. § 2241 petition, citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir.2003). (D.11:2 n. 2.)

certificate of appealability (COA) on the sole issue of whether the district court erred by abstaining, pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), from reaching the merits of Finfrock's § 2241 petition. Finfrock argues that the district court misapplied *Younger* by dismissing his petition without first obtaining a response from the state and reviewing the underlying state court records. Appellees now join in Finfrock's request for a remand to the district court, so that they can file a response in support of their contention that no *Younger* exception allows Finfrock's § 2241 petition. We have jurisdiction over Finfrock's timely appeal pursuant to 28 U.S.C. §§ 1291, 2253.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241. *Dohrmann v. United States,* 442 F.3d 1279, 1280 (11th Cir.2006) (citation omitted). We review a district court's decision to abstain from enjoining pending state court proceedings on *Younger* grounds for an abuse of discretion. *Wexler v. Lepore,* 385 F.3d 1336, 1338 (11th Cir.2004) (per curiam). This Court has remanded where an inadequate factual record accompanied a district court's decision of a habeas motion. *See, e.g., Ferguson v. Culliver,* 527 F.3d 1144, 1149 (11th Cir.2008) (per curiam) (noting absence of trial record supporting district court decision of § 2254 petition on waiver-of-counsel claim); *Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1219 (11th Cir.2000) (addressing the state's failure to file a record of the state court change-of-plea proceedings, to answer a § 2254 claim of actual innocence). In the light of these cases, a record that is less than fully developed, and the parties' joint request for a remand, we vacate the district court's dismissal of Finfrock's § 2241 petition and remand for a determination on the briefs and the record whether *Younger* abstention applies.

**VACATED AND REMANDED.**